Utter *v.* Walker's Administrators.

---

## UTTER *v.* WALKER'S ADMINISTRATORS.

Injunction—merger—satisfaction—plea in bar of a writ of error—judges' errors in fact.

Where a defendant in a judgment-at law obtains an injunction, upon a dissolution of which a decree is had against him for the judgment, &c., this does not merge or satisfy the judgment, though the party recovering can have but one satisfaction.

Such decree is no bar to a writ of error brought upon the judgment at law.

A court of error will not correct the erroneous deductions of the judges, as to *facts* submitted to them.

ERROR to the Court of Common Pleas. The defendants in error

Newbraugh *v.* Curry.

pleaded in bar, that after judgment below, the defendant against whom judgment was taken proceeded in chancery, obtained a provisional injunction, which the Supreme Court upon final hearing dismissed, and according to the statute in such cases, decreed the complainant, who was the defendant at law, to pay the judgment, costs **47]** and pen-*alty; which decree remained in full force. To this plea there was a general demurrer, and the question is, whether the plea is a good bar to the writ of error.

*Hamer,* for the plaintiff in error.

*Marshall,* contra.

BY THE COURT. This decree in chancery set forth in the plea, grows out of express legislative enactment, through no provision is made in the law, declaring *the effect of the decree;* 29 *O. L.* 88. The operation of the law is to give the party several judgments for the same debt, and also several bills of costs and the penalty. Upon these, as in analogous cases, he may sue out process in each or all, till he obtain satisfaction. One satisfaction for the debt will discharge so much of all the other judgments. It is therefore, in our opinion, no bar to the writ of error. Should the judgment be reversed, it is not necessary for us to inquire how the reversal would avail the plaintiff in error, to prevent the collection of the decree. We have only to look at the sufficiency of the matter set up in bar of the writ, and must adjudge the plea insufficient.

On looking into the record it appears, that all the evidence in the cause, with the *agreement on file,* was submitted to the court on the issue of *nil debet,* and a notice of special matter. The court found for the plaintiff, and gave him judgment. To this finding and judgment exception is taken. We do not, upon a writ of error, correct erroneous deductions which judges, substituted for a jury by the parties, draw from facts, any more than we should correct the finding of a jury if one had been called upon like premises ; 5 *O.* 172 ; 4 *Pet.* 80. The judgment below is affirmed with costs.

[Court's finding of facts not reviewable on error followed; *Markle v. Akron,* 14 *O. S.* 86, 592; *Bissell v. Couchaine,* 15 *O.* 58, 63.]